

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-14-00418-CR
07-14-00419-CR

EUGENE THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court Nos. 67,796-C; 67,797-C, Honorable Ana Estevez, Presiding

October 21, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPELL and HANCOCK, JJ.

Eugene Thomas appeals his two convictions for soliciting two different female minors ("K" and "M") and contends that the evidence is insufficient to support those convictions. Both female victims testified that each was in his car when he asked each, in turn, to allow him to suck on their breasts and submit to cunnilingus. According to appellant, these entreaties were not evidence of a request or command to engage in "specific conduct," as required by statute. Nor was the testimony they imparted sufficiently corroborated, in appellant's view. We overrule each issue and affirm.

Claims of legal insufficiency are reviewed under the standard discussed in *Dobbs v. State,* 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). We apply that standard here.

*Specific Conduct*

The State, through its indictment, alleged that appellant ". . . on or about the 13th day of July, 2013 . . . did then and there, with intent that Indecency with a Child be committed, request, command, or attempt to induce [the victim], an individual younger than 17 years of age, to engage in *specific conduct, to-wit: sexual contact* that under the circumstances surrounding the conduct of the defendant, as the defendant believed them to be, would have constituted Indecency with a Child." (Emphasis added). *See* TEX. PENAL CODE ANN. § 15.031(b) (West Supp. 2014) (stating that a person commits an offense if ". . . the person by any means requests, commands, or attempts to induce a minor. . . to engage in specific conduct that . . . would constitute an offense under [21.11]"). Appellant conceded that the word "conduct" (as encompassed by the statute and charge) included either an act or omission. *See Id.* § 1.07(10) (stating that "'[c]onduct' means an act or omission and its accompanying mental state"). And, while discussing the definition of the word "specific," he acknowledged that the term encompassed the concept of "a special or particular kind." So, putting his own definitions together, the "specific conduct" mentioned in § 15.031(b) would encompass, at the very least, an act or omission of a particular or special kind.

Asking the children at bar to allow him to suck on their breasts or perform cunnilingus upon them is some evidence of a request that they either engage in a particular act of unlawful sexual contact with him or omit from objecting to a particular form of unlawful sexual contact he intended to be performed on them. *See id.*

§ 21.01(2) (defining "sexual contact" as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person"). As such, the jury had before it ample evidence upon which it could rationally conclude, beyond reasonable doubt, that appellant asked the children to engage in "specific conduct" as contemplated by § 15.031(b) of the Penal Code.

*Corroboration*

Statute provides that "a person may not be convicted under [§ 15.031(b) of the Penal Code] on the uncorroborated testimony of *the minor allegedly solicited* unless the solicitation is made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the minor act on the solicitation." *Id.* § 15.031(c) (emphasis added). Appellant argues that the solicitations of which he was accused were not made under circumstances strongly corroborative of both the solicitation and his intent that the respective minor act on the solicitation. Thus, he could not be convicted simply on the uncorroborated testimony of the "minor allegedly solicited," and no such corroboration allegedly appeared of record. We disagree.

Assuming *arguendo* the accuracy of the first prong of appellant's attack, the second prong proves inaccurate. That is, his convictions were not based simply upon the testimony of the child he was alleged to have solicited in each indictment. Indeed, child "K" testified to hearing the aforementioned request made of child "M." So, appellant's conviction for soliciting child "M" was not merely founded upon the "uncorroborated" testimony of child "M"; rather, child "K" corroborated it. The same is also true of the solicitation of child "K"; it was corroborated by the testimony of child "M."

If we were to eliminate ". . . entirely the complainant's testimony" as appellant would have us do, we still have the testimony of the other minor ". . . to connect the accused with the crime."  And, appellant did not argue that "K" could not provide corroborating testimony in the prosecution where "M" was the victim, and vice versa. Nor were we cited to authority so suggesting.

We affirm appellant's convictions and the judgments manifesting them.


                                        Brian Quinn
                                        Chief Justice



Do not publish.